J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff Nike, Inc.

Byron C. Thompson (SBN 85675)
ThomLawLLP@aol.com
Law Offices of Byron C. Thompson
1714 Franklin Street, Suite 350
Oakland, CA  94612
Telephone:   (510) 835-1600
Facsimile:    (510) 835-2077

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| Nike, Inc. | Case No. 07-5607 JW (RSx) |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER |
| v. | |
| Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone and Does 1 through 10, inclusive, | |
| Defendants. | |

The parties to the above-entitled action submit this Joint Case Management Statement and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

### JOINT CASE MANAGEMENT STATEMENT

1.   Jurisdiction and Venue

The claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for (i) contributory and vicarious liability for trademark infringement; and (iii) contributory and vicarious liability for copyright infringement.  This Court has original jurisdiction over the subject matter of this action pursuant to

15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338. This Court has personal jurisdiction over the Defendant because he does business and/or resides in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

2.  Facts

Plaintiff seeks money damages and injunctive relief against Defendant for counterfeiting and infringing Plaintiff's trademarks. In particular, Plaintiff alleges that Defendant was responsible for the distribution, promotion and sale on a wholesale basis of counterfeit footwear.

Defendant contends that he was not responsible for the distribution, promotion and sale on a wholesale basis of counterfeit footwear.

3.  Principal Legal Issues in Dispute

Plaintiff contends it has evidence of the sale of counterfeit Nike footwear by the Defendant. Accordingly, Plaintiff identifies Defendant's willfulness and the extent of Defendant's profits as the principal issues in the case.

4.  Motions

Plaintiff believes a motion for summary judgment as to liability and/or entry of a preliminary injunction may be appropriate.

5.  Additional Parties

The Parties do not, at this time, contemplate the amendment of pleadings for any reason, including the addition of new parties, but they acknowledge that information disclosed in discovery may make addition of new defendants prudent and a more efficient use of the Court's resources. However, the Parties agreed to an additional 90 days from the date of the case management conference to amend the pleadings.

6.  Evidence Preservation

The Parties indicated steps to preserve evidence.

7.  Disclosures

The Parties agree that disclosures under Rule 26(a)(1) will be made on or before the case management conference.

8. <u>Discovery</u>

The Parties do not believe that discovery should be conducted in phases, or limited to certain issues. The Parties agreed that disclosures required under Rule 26 can be completed within the time limits specified in that Rule.

Plaintiff anticipates propounding written discovery and taking depositions, if necessary.

Defendant anticipates propounding written discovery and taking depositions, if necessary.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

Not applicable.

11. <u>Relief</u>

Plaintiff contends it may elect statutory or actual damages but is not prepared to make that election at this time. In any event, Plaintiff will seek entry of a permanent injunction.

12. <u>Settlement and ADR</u>

The Parties have discussed settlement preliminarily during and before their early meeting. The Parties propose an early settlement conference with the magistrate judge.

13. <u>Consent to Magistrate Judge for All Purposes</u>

The Parties do not consent to assignment of this case to a United States Magistrate Judge for Trial.

14. <u>Other References</u>

Not applicable.

15. <u>Narrowing of Issues</u>

Not applicable.

16. <u>Expedited Schedule</u>

Not applicable.

17. <u>Scheduling</u>

The parties propose a discovery cutoff date of May 16, 2008.

The parties propose a final motion cutoff date of September 12, 2008.

The parties propose a pretrial conference date of November 10, 2008.

The parties propose a trial date of November 25, 2008.

18. Trial Estimate

The Parties have requested trial by jury. They estimate a trial of approximately four (4) court days.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff states that pursuant to Civil Local Rule 3-16, as of this date, there are no other interests involved other than the named parties.

Defendant contends that there are other interested parties.

20. Other Issues

The parties did not identify any other issues affecting case management.

Dated: January 17, 2008        J. Andrew Coombs, A Professional Corp.

                               By: _____
                                   J. Andrew Coombs
                                   Annie S. Wang
                               Attorneys for Plaintiff Nike, Inc.

Dated: January 17, 2008        Law Offices of Byron C. Thompson

                               By: _____
                                   Byron C. Thompson
                               Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: _____                 _____
                               Hon. James Ware
                               United States District Judge, Northern District of California

Nike v. Ghaith, et al.: Joint Case Management Statement        - 4 -

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

On January 18, 2008, I served on the interested parties in this action with the following:

- JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

for the following civil action:

<u>Nike, Inc. v. Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone</u>, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone 1520 Broadway, #B Oakland, California 94612 | |
|---|---|

Place of Mailing: Glendale, California
Executed on January 18, 2008, at Glendale, California

_____
Katrina Bartolome