J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Nike, Inc.

Byron C. Thompson (SBN 85675)
*ThomLawLLP@aol.com*
Law Offices of Byron C. Thompson
1714 Franklin Street, Suite 350
Oakland, CA 94612
Telephone: (510) 835-1600
Facsimile: (510) 835-2077

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| Nike, Inc., | Case No. 07-5607 JW (RSx) |
| Plaintiff, | JOINT STIPULATION RE ENTRY OF PROPOSED CONSENT DECREE |
| v. | |
| Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone and Does 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Nike, Inc. ("Nike" or "Plaintiff") and Defendant Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone ("Defendant"), by and through their respective counsel of record, agree and stipulate as follows:

1. The Defendant acknowledges that he has read the Complaint in this Action and that he wishes to make a mutually agreeable arrangement for settlement of the above-referenced claims as against him which are the subject matter of the Complaint.

2. The Defendant waives any rights which he may have to request or to have a new trial or any rights which he may have to take or have an appeal from or otherwise challenge, directly or collaterally, any Judgment entered pursuant to the terms of this Stipulation.

3. The Defendant represents he is not in the military, and in any event, waives any requirement that Plaintiff file any military affidavits in connection with the entry of any Judgment entered pursuant to the terms of this Stipulation.

4. Time is of the essence of this Stipulation.

5. That a Permanent Injunction may be entered upon the terms set forth in the [Proposed] Consent Decree Pursuant to Stipulation, a true copy of which is attached hereto as Exhibit A.

6. Defendant acknowledges that he has completely read the terms of this Stipulation and fully understands the terms and consequences of this Stipulation and [Proposed] Consent Decree Pursuant to Stipulation.

7. The waiver by a party to this Stipulation of the performance of any covenant, condition or promise herein shall not invalidate this Stipulation nor shall any such waiver be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Stipulation.

8. This Stipulation may be amended or modified only by a written instrument signed by all the Parties.

9. This Stipulation shall be binding on and inure to the benefit of the Parties to it, their successors, heirs or assignees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Nike v. Ghaith, et al.: Joint Stipulation for Entry of Consent Decree      - 2 -

10. This Stipulation, together with the attached exhibit, constitutes the entire agreement of the parties with respect to the subject matter hereof, and no party hereto has relied upon any representations or understandings not expressly set forth herein.

IT IS SO STIPULATED by the parties hereto:

Dated: April 14, 2008

J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

Dated: March 25, 2008

Law Offices of Byron C. Thompson

By: _____
Byron C. Thompson
Attorney for Defendant

Nike v. Ghaith, et al.: Joint Stipulation for Entry of Consent Decree

- 3 -

# EXHIBIT A

J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Nike, Inc.

Byron C. Thompson (SBN 85675)
*ThomLawLLP@aol.com*
Law Offices of Byron C. Thompson
1714 Franklin Street, Suite 350
Oakland, CA 94612
Telephone:   (510) 835-1600
Facsimile:   (510) 835-2077

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| Nike, Inc., <br><br> Plaintiff, <br> v. <br><br> Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone and Does 1 through 10, inclusive, <br><br> Defendants. | Case No. 07-5607 JW (RSx) <br><br> [PROPOSED] CONSENT DECREE PURSUANT TO STIPULATION |

The Court, having read and considered the Joint Stipulation Re Entry Of Proposed Consent Decree that has been executed by Plaintiff Nike, Inc. ("Nike" or "Plaintiff") and Defendant Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone ("Defendant") in this action:

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Consent Decree shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

Nike v. Ghaith, et al.: Proposed Consent Decree         - 1 -

2) Service of process was properly made on the Defendant.

3) Nike owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

4) Defendant has made unauthorized uses of the Nike Trademarks or substantially similar likenesses or colorable imitations thereof.

5) Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

    a) Infringing the Nike Trademarks, either directly or contributorily, in any manner, by:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks ("Unauthorized Products");

        ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

        iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Nike, is sponsored, approved or licensed by Nike, or is affiliated with Nike;

        iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Nike.

6) Defendant is ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Nike Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

7) Except for the allegations contained herein, the claim alleged in the Complaint against Defendant by Nike are dismissed with prejudice.

8) This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

11) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

///
///
///
///
///
///
///
///

12)  This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:

                                  Hon. James Ware
                                  Judge, United States District Court for
                                  the Northern District of California

PRESENTED BY:

J. Andrew Coombs, A. P. C.

By: _____
      J. Andrew Coombs
      Annie Wang
Attorneys for Plaintiff Nike, Inc.

Law Offices of Byron C. Thompson

By: _____
      Byron C. Thompson
Attorney for Defendant

# EXHIBIT A

Nike Trademark Registrations

| Trademark | Registration Number | Registration Date |
|---|---|---|
| Swoosh® Design | 977,190 | January 22, 1974 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| Air Jordan® Design | 1,742,019 | December 22, 1992  (Class 18 and 25) |
| Just Do It® | 1,875,307 | January 24, 1995 |
| Nike® | 2,196,735 | October 13, 1998 (Class 14) |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998    14 (Class 14) |
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| RUNWALK device | 1,877,672 | February 7, 1995 |
| STARTER | 1,896,998 | May 30, 1995 |
| NIKE GOLF | 1,944,436 | December 26, 1995 |
| NIKE REGRIND | 2,022,321 | December 10, 1996 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| NIKE REGRIND in crest | 2,042,940 | March 11, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as | 2,517,735 | December 11, 2001 |

| device | | |
|---|---|---|
| Ellipses device | 2,521,178 | December 18, 2001 |
| STORM-FIT | 2,551,655 | March 26, 2002 |
| Baseballer silhouette device | 2,571,726 | May 21, 2002 |
| Reverse "Z" in rectangle device | 2,584,382 | June 25, 2002 |
| NIKE GOLF with crest | 2,628.587 | October 1, 2002 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| BOING | 2,735,172 | July 8, 2003 |
| Swoosh with clubs crest | 2,753,357 | August 19, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| FOOTENT | 2,798,233 | December 23, 2003 |
| FOOTENT in device | 2,798,234 | December 23, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| R9 | 2,843,275 | May 18, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| STARTER | 2,971,216 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| STAR FLEX | 3,002,455 | September 27, 2005 |
| 10//2 in rectangle | 3,057,889 | February 7, 2006 |
| NIKEFREE | 3,087,455 | May 2, 2006 |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

On April 14, 2008, I served on the interested parties in this action with the following:

[PROPOSED] CONSENT DECREE PURSUANT TO STIPULATION

JOINT STIPULATION RE ENTRY OF PROPOSED CONSENT DECREE

for the following civil action:

<u>Nike, Inc. v. Imad Fawzi Ghaith, an individual and d/b/a The Twilight Zone</u>, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Byron C. Thompson<br>Law Offices of Byron C. Thompson<br>1714 Franklin Street, Suite 350<br>Oakland, CA 94612 | |
|---|---|

Place of Mailing: Glendale, California
Executed on April 14, 2008, at Glendale, California.

_____
Annie Wang